UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BELL and CHERYL BELL, | § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:13-cv-1165-M |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Rule 12(c) Motion for Judgment on the Pleadings and Motion for Summary Judgment filed by Defendant State Farm Lloyds ("Defendant") [Docket Entry #17]. The Court need only address Defendant's Motion for Summary Judgment to resolve the issues raised, and it therefore **DENIES** as moot Defendant's Rule 12(c) Motion for Judgment on the Pleadings. *See Ramirez v. City of Dallas*, No. 3:00-CV-2481-D, 2002 WL 32508210, at *2 (N.D. Tex. Oct. 7, 2002) (Fitzwater, C.J.). For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiffs Robert and Cheryl Bell ("Plaintiffs") purchased from Defendant an insurance policy covering property damage to Plaintiffs' property in Midlothian, Texas. Pls.' First Am. Pet. ¶¶ 7-9. On June 22, 2012, after a hail and wind storm, Plaintiffs made a claim to Defendant for damage resulting from the storm. Def.'s Mot., App. at 46; Pls.' First Am. Pet. ¶ 10. On June 27, 2012, Defendant acknowledged receipt of the claim and commenced an investigation. Def.'s MSJ, App. at 46, 52. On July 24, 2012, State Farm adjuster Donald Kimberlin inspected Plaintiffs' property with Mr. Bell and Plaintiffs' contractor, Roland Vitullo. *Id*. at 48. Kimberlin

1

determined that Plaintiffs' roof had been damaged and agreed that replacement was required. *Id.* at 52. On August 21, 2012, Vitullo sent a copy of his estimate to Defendant. Defendant requested additional information. *Id.*

On September 16, 2012, Defendant received an estimate from a public adjuster hired by Plaintiffs, Steve Whitehood of H&S Claim Recovery, that was lower than both Vitullo's estimate and Defendant's adjuster's estimate. *Id.* at 119-28. On September 21, 2012, Plaintiffs requested Defendant make a second inspection of their property. On October 6, 2012, Defendant sent another adjuster, Brandon White, who conducted an inspection with public adjuster Elvis Spoon. *Id.* at 51. White estimated $32,907.45 in damages, which exceeded Kimberlin's estimate. *Id.* at 50-51. White's estimate was sent to Plaintiffs. *Id.* On December 13, 2012, after receiving a purported "final invoice,"[1] for $32,879.33 from the construction firm that did the repair work, State Farm sent a payment for $32,907.45 less Plaintiffs' deductible. *Id.* at 47, 111-12.

On December 12, 2012, Plaintiffs brought suit against Defendant in state court. On March 19, 2013, Defendant removed the suit to this Court. On July 15, 2013, Plaintiffs filed their First Amended Petition, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, violation of Texas Insurance Code provisions concerning unfair claim settlement practices and prompt payment of claims, and fraud. Pls.' First Am. Pet. ¶¶ 33-58. On January 10, 2014, Defendant filed a Rule 12(c) Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment.

## II.  LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] At Robert Bell's deposition, he stated that all of the work described in the "Final Invoice" had not been completed when the invoice was submitted. *Id.* at 10, 104.

56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine issue of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Where the summary judgment movant will not have the burden of proof at trial, the movant bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Fields v. City of S. Houston, Tex.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

For determination of a summary judgment motion, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625 (citation omitted). A mere "scintilla of evidence" will not meet the nonmovant's burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 (5th Cir. 1994) (en banc) (per curiam). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). The court is not to assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts," and is to grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little,* 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted); *Tranman, Inc. v. Griffin,* No. 3:11-CV-1046-M, 2013 WL 944502, at *3-4 (N.D. Tex. Mar. 12, 2013) (Lynn, J.); *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2013 WL 1721961, at *2 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.).

### III.   ANALYSIS

Under Local Rule 7.1(e), Plaintiffs' response to Defendant's Motion was due by January 31, 2014, but Plaintiffs did not file a timely response. Although Plaintiffs' failure to respond does not permit the Court to enter a "default" summary judgment, the Court is permitted to accept defendant's evidence as undisputed. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Reeves v. Mkt. Ctr. Mgmt. Co., Ltd.*, No. 3:13-CV-2436-D, 2014 WL 764145, at *1-2 (N.D. Tex. Feb. 26, 2014) (Fitzwater, C.J.); *Stiltz v. Humana Inc.,* No. 3:10-CV-02088-M, 2011 WL 3510898, at *1 n.1 (N.D. Tex. Aug. 9, 2011) (Lynn, J.).

Plaintiffs' failure to respond means that where Defendant has pointed to the absence of evidence to support elements of Plaintiffs' claim, Plaintiffs have not designated specific facts to prove the existence of a genuine issue of material fact. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, C.J.) (citing *Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir. 1991)); *see also Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings,

memoranda, or the like are not, of course, competent summary judgment evidence."). As Federal Rules of Civil Procedure 56(e)(2) and (3) provide, "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(e), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"

A.  **Breach of Contract**

Under Texas law, a breach of contract claim requires proof of four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 628 (N.D. Tex. Dec. 29, 2010) (Lynn, J.) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston 2005, no pet.)).

Defendant has pointed to an absence of evidence in support of the third and fourth elements of Plaintiffs' breach of contract claim. Plaintiffs' contractor estimated Plaintiffs' damages at $32,879.33, an estimate Robert Bell agreed with at his deposition, and Defendant's adjuster estimated Plaintiffs' damage at $32,907.45. Def.'s MSJ, App. at 76-77 (Robert Bell Dep. 94:21-96:25), 94 (Vitullo's estimate), 104-105 (State Farm Statement of Loss containing estimate). Defendant paid Plaintiffs $32,907.45 less their deductible, proving that there was no breach and that Plaintiffs suffered no damages. *Id*. at 47, 61-62 (Robert Bell Dep. 43:6-44:17), 111-12. There is no evidence that Plaintiffs were owed more by Defendant. The Court, therefore, **GRANTS** Defendant summary judgment with respect to this claim.

5

**B.** **Breach of the Duty of Good Faith and Fair Dealing**

Plaintiffs allege that Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim. Texas law imposes on an insurer "a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.,* 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 340 (Tex. 1995)). If an insurer knew or should have known that it was reasonably clear that a claim was covered, it will be liable if it denies that claim. *Id.* Failure to reasonably investigate a claim can also constitute a breach of the duty of good faith and fair dealing. *Id.* Whether "a reasonable insurer under similar circumstances would have delayed or denied payment of the claim" is determined by an objective standard. *Id.*

For Plaintiffs to prevail on their bad faith claim, there must be a genuine issue of material fact that Defendant "commit[ted] some act, so extreme, that would cause injury independent of the policy claim" or "fail[ed] to timely investigate . . . [Plaintiffs'] claim." *Stoker,* 903 S.W.2d at 341; *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex.1988); *see also United Serv. Auto. Ass'n v. Gordon,* 103 S.W.3d 436, 442 (Tex. App.—San Antonio 2002, no pet.) Evidence that "merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

There is no evidence of an act by Defendant that is so extreme that it caused injury to Plaintiffs independent of the Plaintiffs' claims under the policy. To the contrary, the evidence shows that Defendant paid Plaintiffs under the policy, and that any further disagreement between the parties is a bona fide dispute as to the proper amount of payment for damage suffered by Plaintiffs. *See* Def.'s MSJ, App. at 72-73 (Robert Bell Dep. 85:15-86:23) (stating that he could

not answer the question of what specifically Defendant had done wrong in its investigation or what it should have done instead); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) (holding there was no extreme act where defendant had promptly paid plaintiffs even though plaintiffs alleged that defendant had undervalued their loss); *see also State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Nor does the evidence support a claim that Defendant failed to timely investigate Plaintiffs' claim. Defendant began its investigation five days after Plaintiffs notified Defendant of their claim, and at his deposition, Mr. Bell conceded that Defendant promptly inspected Plaintiffs' property. Def.'s MSJ, App. at 69 (Robert Bell Dep. 74:6-10). The Court, therefore, **GRANTS** Defendant summary judgment on Plaintiffs' claim for bad faith.

C.     **Unfair Settlement under Texas Insurance Code § 541**

Plaintiffs assert that Defendant (1) misrepresented material facts relating to coverage, in violation of Tex. Ins. Code § 541.060(a)(1); (2) failed to attempt to effectuate a fair settlement of the claim, in violation of Tex. Ins. Code § 541.060(a)(2)(A); (3) failed to provide Plaintiffs with a prompt and reasonable explanation of its resolution of the claim, in violation of Tex. Ins. Code § 541.060(a)(3); (4) failed to affirm or deny coverage within a reasonable time, in violation of Tex. Ins. Code § 541.060(a)(4); and (5) refused to pay the full extent Plaintiffs' claim without conducting a reasonable investigation in violation of Tex. Ins. Code § 541.060(a)(7).

Extra-contractual damages under the Texas Insurance Code are "reserved for cases in which an insurer knew its actions were false, deceptive, or unfair." *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 775 (Tex. 2006). Although claims under the Texas Insurance Code "are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery

as bad faith causes of action in Texas." *Rooters v. State Farm Lloyds*, 428 Fed. App'x 441, 447-48 (5th Cir. 2011) (quotation omitted); *Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001) (finding that "the Texas Insurance Code and the DTPA are largely codifications of extant common law requirements [and thus] . . . . [u]nder Texas law, extra-contractual tort claims brought under the Texas Insurance Code and the DTPA require the same predicate for recovery as a common law claim for bad faith"). Because Plaintiff's claim for breach of the duty of good faith and fair dealing fails, and because Plaintiffs' Texas Insurance Code claims are essentially the same as that claim, they must also fail as a matter of law. *See id.* Thus, the Court **GRANTS** summary judgment for Defendant on these claims.

**D.     Prompt Payment under Texas Insurance Code § 542**

Plaintiffs assert that Defendant failed to (1) timely acknowledge Plaintiffs' claim, in violation of Tex. Ins. Code § 542.055; (2) accept or deny Plaintiffs' entire claim within the statutorily mandated time, in violation of Tex. Ins. Code § 542.056; and (3) meet its obligations to make payment of a claim, in violation of Tex. Ins. Code § 542.058. Defendant emphasizes the absence of evidence of any failure by Defendant to comply with the deadlines in Sections 542.055, 542.056, and 542.058. These sections set out specific time requirements, but there is no evidence they were not met. Defendant presented evidence that Plaintiffs notified it of their claim on June 22, 2012, and that Defendant acknowledged receipt and commenced an investigation on June 27, 2012, within the fifteen day time limit required. Def.'s MSJ, App. at 46, 52. Defendant, through its adjuster, inspected Plaintiffs' property on July 24, 2012, and provided an estimate on the same date, and Mr. Bell conceded that the inspection was prompt, as required by the Texas Insurance Code. Def.'s MSJ, App. at 69 (Robert Bell Dep. 74:6-10).

Defendant also presented evidence that it paid Plaintiffs within the statutory time limit. Tex. Ins. Code § 542.058; *Id*. at 47, 61-62 (Robert Bell Dep. 43:6-44:17), 111-12. After Plaintiffs requested a second inspection, Defendant conducted one promptly, and after the estimate was revised and increased, Defendant paid the appropriate statutory penalty in accordance with the prompt payment provisions of Tex. Ins. Code § 542. Def.'s MSJ, App. at 49-52. Accordingly, there is no evidence that Defendant violated these provisions of the Texas Insurance Code. Thus the Court **GRANTS** Defendant summary judgment on these claims.

**E.    Fraud Claim**

Plaintiffs allege Defendant made a misrepresentation to them when it allegedly represented that only a certain amount of the damage to Plaintiffs' roof was covered under the policy. Pls.' First Am. Pet. ¶ 21. Under Texas law, Plaintiffs must prove the following to establish common law fraud: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001)).

There is no proof of statements by Defendant containing misrepresentations of the policy's terms, nor is there any evidence to establish that any representation by Defendant as to the amount of coverage under the policy was false or relied upon by Plaintiffs. To the contrary, Plaintiffs have alleged that in response to Defendant's initial estimate of Plaintiffs' damages,

9

Plaintiffs contested the estimate and sought and received a reevaluation, and after receiving a revised estimate and payment, Plaintiffs filed suit. Plaintiffs' own allegations and actions undercut their fraud claim as a matter of law. Even assuming that Defendant made such false representations, Plaintiffs have not presented evidence that Defendant knew such statements were false, and thus this claim must fail. *Barrios v. Great Am. Assur. Co.*, No. H-10-3511, 2011 WL 3608510, at *5 (S.D. Tex. Aug. 16, 2011). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on this claim. *See Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 651 (S.D. Tex. 2012).

## IV. CONCLUSION

For the reasons set out above, Defendant's Motion for Summary Judgment is **GRANTED** in its entirety. *See Ramirez v. City of Dallas*, No. 3:00-CV-2481-D, 2002 WL 32508210, at *2 (N.D. Tex. Oct. 7, 2002) (Fitzwater, C.J.). A separate judgment will be entered dismissing Plaintiffs' claims.

**SO ORDERED**.

April 18, 2014.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS