UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BELL and CHERYL BELL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:13-cv-1165-M |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiffs' Motion to Vacate and Remand [Docket Entry #29]. Plaintiffs request that the Court vacate its prior judgment and remand this case to state court on the basis that the Court lacked subject matter jurisdiction because the parties were not diverse. For the reasons stated below, Plaintiffs' Motion is **DENIED**.

### I.   BACKGROUND

On December 21, 2012, Plaintiffs Robert Bell and Cheryl Bell filed suit in the 40th Judicial District of Ellis County, Texas, against State Farm Lloyds and adjusters Donald Kimberlin, David Merritt, and Brandon White, who were Texas residents. Plaintiffs alleged that State Farm Lloyds violated its duty of good faith and fair dealing, as well as provisions of the Texas Insurance Code. On March 19, 2013, State Farm Lloyds removed the case to this Court. Plaintiffs did not move to remand or challenge State Farm Lloyds's jurisdictional allegations which were the basis for removal.

The Court considered the question of jurisdiction *sua sponte*. After considering Plaintiffs' Original Petition, the Court determined Plaintiffs could not state claims against the adjusters, and the adjusters were improperly joined, so their citizenship was irrelevant. The Court found the

remaining parties to the case, Plaintiffs and State Farm Lloyds, to be diverse under 28 U.S.C. § 1332.

Defendant State Farm Lloyds then moved for judgment on the pleadings and/or for summary judgment. On April 18, 2014, the Court granted Defendant's Motion for Summary Judgment in its entirety, and entered final judgment in favor of Defendant. Plaintiffs now request that the Court vacate its judgment and remand the case due to lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

A district court has subject matter jurisdiction over an action when no plaintiff is a citizen of the same state as a defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). A court is compelled to remand an action before it if, at any time, it appears that the district court lacks subject matter jurisdiction. *Rappaport v. State Farm* Lloyds, No. 3:97-cv-2747, 1998 WL 249211, at *1 (N.D. Tex. May 8, 1998) (Solis, J.). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Serv. v. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts must be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III.   ANALYSIS

State Farm Lloyds was formed as a "Lloyd's plan" under Texas law, Def.'s Resp., App. at 1 (Larson Aff. ¶ 4), which allows a group of underwriters to form an association and sell insurance policies through an attorney-in-fact or other representative. *Rappaport*, 1998 WL 249211, at *1. The Fifth Circuit, for diversity purposes, considers such unincorporated associations to have the citizenship of their members. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). The attorney-in-fact of a Lloyd's organization is not

considered a member of the organization. *Id.* Instead, the members of the organization, for diversity purposes, are the underwriters alone. *Id.* at 883. The underwriters for State Farm Lloyds are residents of Illinois, Pennsylvania, and Colorado, and thus State Farm Lloyds has the citizenship of those states. *Id.*; Def.'s Resp., App. at 2 (Larson Aff. ¶ 10).

Plaintiffs allege State Farm Lloyds is a Texas resident. To support this contention, Plaintiffs offer the articles of incorporation for State Farm Lloyds, **Inc.**, which show that State Farm Lloyds, Inc. was incorporated in Texas. Pls.' Mot. Vacate and Remand, App. at 5. In response, State Farm Lloyds attaches the affidavit of Jim Larson, Assistant Secretary and Treasurer of State Farm Lloyds, Inc., which states that "State Farm Lloyds, Inc. [is] attorney-in-fact for State Farm Lloyds." Def.'s Resp., App. at 1 (Larson Aff. ¶ 2). State Farm Lloyds is a separate entity from its attorney-in-fact, State Farm Lloyds, Inc. *See id.* The citizenship of the attorney-in-fact for a Lloyd's organization is irrelevant for determining the Lloyd's organization's citizenship. *Royal Ins. Co. of America*, 3 F.3d at 883. Accordingly, Defendant is not a citizen of Texas, and diversity jurisdiction exists.

Plaintiffs also argue the Court "cannot create diversity by substituting parties." Pls.' Mot. Vacate and Remand 2 (quoting *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). Plaintiffs assert "State Farm was never a named defendant. Instead, State Farm Lloyds, a Texas resident[,] was named as a defendant. State Farm never moved to intervene or substitute it as the real party in interest. As a result, State Farm lacked authority to remove this matter to federal court." Pls.' Mot. Vacate and Remand 2. Plaintiffs do not clarify what organization they are referring to when they refer to "State Farm", but this fact is ultimately immaterial to the Court's analysis.

Contrary to Plaintiffs' assertions, the Court has not substituted or authorized the

substitution of any parties in this case. Plaintiffs' Original Petition named State Farm Lloyds as a defendant. Def.'s Notice of Removal, App. at 3 (Orig. Pet.). State Farm Lloyds is also the party named in the Notice of Removal. *Id.* Neither State Farm nor State Farm Lloyds, Inc. were ever named as parties, and all other defendants named in the Original Petition were dismissed for improper joinder by the Court. State Farm Lloyds was a party entitled to remove the case to federal court, and the Court had jurisdiction to hear this case. Therefore, Plaintiffs' Motion is **DENIED**.

**SO ORDERED**.

July 7, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**